Exhibit "A"

**HCDistrictclerk.com**  HAZEN, ELIZABETH (INDIVIDUALLY AND AS                10/17/2016
REPRESENTATI vs. ALLSTATE INSURANCE
COMPANY
Cause: 201661193      CDI: 7      Court: 334

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 72203571 | DOCKET CONTROL ORDER | | 10/06/2016 | 4 |
| 72161466 | CITATION: ALLSTATE INSURANCE COMPANY : | | 10/04/2016 | 2 |
| 72151140 | Defendant's Original Answer | | 10/03/2016 | 6 |
| 71994635 | Civil Process Pick-Up Form | | 09/13/2016 | 1 |
| 71858546 | Plaintiffs Original Petition And Request For Disclosure | | 09/12/2016 | 9 |
| -> 71858547 | Civil Case Information Sheet | | 09/12/2016 | 1 |
| -> 71858548 | Civil Process Request | | 09/12/2016 | 1 |

9/12/2016 3:27:01 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 12650869
By: OVALLE, MONICA
Filed: 9/12/2016 3:27:01 PM

**CIVIL PROCESS REQUEST**

2016-61193 / Court: 334

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: _____  CURRENT COURT: _____

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): _____

FILE DATE OF MOTION: _____

Month/     Day/     Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1.  NAME: _____

    ADDRESS: _____

    AGENT, (*if applicable*): Matthew C. Merkle

TYPE OF SERVICE/PROCESS TO BE ISSUED (*see reverse for specific type*): _____

SERVICE BY (*check one*):

☐ ATTORNEY PICK-UP                    ☐ CONSTABLE
☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____  Phone: _____
☐ MAIL                                ☐ CERTIFIED MAIL
☐ PUBLICATION:
    Type of Publication:  ☐ COURTHOUSE DOOR, or
                          ☐ NEWSPAPER OF YOUR CHOICE: _____
☐ OTHER, *explain* _____

************************************************************************************

****

2.  NAME: _____

    ADDRESS: _____

    AGENT, (*if applicable*): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (*see reverse for specific type*): _____

SERVICE BY (*check one*):

☐ ATTORNEY PICK-UP                    ☐ CONSTABLE
☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____  Phone: _____
☐ MAIL                                ☐ CERTIFIED MAIL
☐ PUBLICATION:
    Type of Publication:  ☐ COURTHOUSE DOOR, or
                          ☐ NEWSPAPER OF YOUR CHOICE: _____
☐ OTHER, *explain* _____

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME:  Cynthia Huerta _____  TEXAS BAR NO./ID NO.  24029402

MAILING ADDRESS:  3200 Travis, 3rd Floor, Houston, Texas 77006

PHONE NUMBER: ___713___  ___524-3500___     FAX NUMBER: __877__  __449-4510__
                area code    phone number                  area code   fax number

EMAIL ADDRESS: _____ chuerta@smslegal.com

Page 1 of 1

CIVCI08 Revised 9/3/09

## CIVIL CASE INFORMATION SHEET

9/12/2016 3:27:01 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 12650869
By: OVALLE, MONICA
Filed: 9/12/2016 3:27:01 PM

CAUSE NUMBER *(FOR CLERK USE ONLY):* 2016-61193 / Court: 334  COURT *(FOR CLERK USE ONLY):*

STYLED _____

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

| Name: | Email: |
|---|---|
| Cynthia Huerta | chuerta@smslegal.com |

| Address: | Telephone: |
|---|---|
| 3200 Travis, 3rd Floor | 713-524-3500 |

| City/State/Zip: | Fax: |
|---|---|
| Houston, Texas 77006 | 877-449-4510 |

| Signature: | State Bar No: |
|---|---|
| | 24029402 |

### Names of parties in case:

Plaintiff(s)/Petitioner(s): _____

Defendant(s)/Respondent(s): _____

[Attach additional page as necessary to list all parties]

### Person or entity completing case information sheet is:

☒ Attorney for Plaintiff/Petitioner
☐ *Pro Se* Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other: _____

Additional Parties in Child Support Case:

Custodial Parent: _____

Non-Custodial Parent: _____

Presumed Father: _____

### 2. Indicate case type, or identify the most important issue in the case (select only 1):

#### Civil

**Contract**

*Debt/Contract*
☐ Consumer/DTPA
☐ Debt/Contract
☐ Fraud/Misrepresentation
☐ Other Debt/Contract:

*Foreclosure*
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☐ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract:

**Injury or Damage**
☐ Assault/Battery
☐ Construction
☐ Defamation
*Malpractice*
☐ Accounting
☐ Legal
☐ Medical
☐ Other Professional Liability:
☐ Motor Vehicle Accident
☐ Premises
*Product Liability*
☐ Asbestos/Silica
☐ Other Product Liability List Product:
☐ Other Injury or Damage:

**Real Property**
☐ Eminent Domain/ Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property:

**Related to Criminal Matters**
☐ Expunction
☒ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus— Pre-indictment
☐ Other: _____

#### Family Law

**Marriage Relationship**
☐ Annulment
☐ Declare Marriage Void
*Divorce*
☐ With Children
☐ No Children

**Other Family Law**
☐ Enforce Foreign Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities of Minority
☐ Other: _____

**Post-judgment Actions (non-Title IV-D)**
☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

**Title IV-D**
☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

**Parent-Child Relationship**
☐ Adoption/Adoption with Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental Rights
☐ Other Parent-Child:

**Employment**
☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment:

**Other Civil**
☐ Administrative Appeal
☐ Antitrust/Unfair Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property
☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☐ Other: _____

**Tax**
☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

**Probate & Mental Health**

*Probate/Wills/Intestate Administration*
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings
☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other: _____

### 3. Indicate procedure or remedy, if applicable (may select more than 1):

☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action
☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment
☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

### 4. Indicate damages sought (do not select if it is a family law case):

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

9/12/2016 3:27:01 PM
Chris Daniel - District Clerk Harris County
Envelope No. 12650869
By: Monica Ovalle
Filed: 9/12/2016 3:27:01 PM

# 2016-61193 / Court: 334

CAUSE NO.

| | | |
|---|---|---|
| ELIZABETH HAZEN, INDIVIDUALLY AND AS REPRESENTATIVE OF KENNETH HAZEN | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§ | HARRIS COUNTY, TEXAS |
| ALLSTATE INSURANCE COMPANY | §<br>§ | _____ JUDICIAL DISTRICT |

## <u>PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ELIZABETH HAZEN, INDIVIDUALLY AND AS REPRESENTATIVE OF KENNETH HAZEN hereinafter referred to as Plaintiff, and file this Original Petition and Request for Disclosure complaining of ALLSTATE INSURANCE COMPANY, hereinafter referred to as Defendant, and in support hereof alleges as follows:

### I. DISCOVERY

Plaintiff requests discovery be conducted under Level 3 as set forth in Texas Rule of Civil Procedure 190.4.

### II. VENUE

Plaintiff, ELIZABETH HAZEN, is an individual residing in Lake City, Columbia County, Florida (FLDL: #########050; SSN: ###-##-#479).

Defendant, ALLSTATE INSURANCE COMPANY, is an insurance company licensed to do business in the State of Texas. This Defendant may be served with due process herein by serving its registered agent Matthew C. Merkle, at 9289 Huntington Sq., Suite 200, North Richland Hills, TX 76182-4314. **Please issue a citation for this defendant at this time.**

Venue is proper in Harris County because the incident made the basis of this suit occurred in Harris County, Texas.  The Court has personal jurisdiction over ALLSTATE

INSURANCE COMPANY because it is a domestic corporation. The amount in controversy exceeds the minimum requirements of this court.

### III. FACTS

This lawsuit results from a theft and vandalism incident that occurred on or about September 24, 2014, in which Plaintiff's household furniture and personal belongings were stolen and vandalized. The Plaintiff was insured through ALLSTATE INSURANCE COMPANY for this loss. ALLSTATE opened a claim on or about October 1, 2014, and for almost two years failed to resolve Plaintiff's claims in breach of the insurance contract and in violation of the Texas Insurance Code.    Further, ALLSTATE INSURANCE COMPANY intentionally and repeatedly misrepresented the policy requirements and policy provisions to Plaintiff, namely that Plaintiff must first recover from United Van Lines for her loss.

ALLSTATE INSURANCE COMPANY issued a policy of insurance, policy 8 29 085890 06/23, which provided for coverage of the Plaintiff's property that covered the dates of June 23, 2014, through June 23, 2015.  On the date of the incident made the basis of this suit, ELIZABETH HAZEN was a covered person under the terms of the policy because she is the surviving spouse of Ken Hazen who was the named insured covered by the insurance policy. Plaintiff is therefore entitled to coverage afforded by the insurance policy. Plaintiff is also a "person" under the Texas Insurance Code with standing to bring claims under the Texas Insurance Code.

Plaintiff timely notified Defendant, ALLSTATE INSURANCE COMPANY of their claims. Despite receipt of Plaintiff's claim and Plaintiff providing Defendant with proof of damages that are covered under the policy, Defendant has refused to tender full appropriate payment for damages.

Plaintiff purchased a policy of insurance from Allstate or from Allstate's representatives. It was represented to Plaintiff that this policy of insurance was in full force and effect for the policy period, and that any and all claims made by the insured would be handled in a manner consistent with the guidelines set forth in the Texas Insurance Code.

Plaintiff has made claims for her damages under her ALLSTATE INSURANCE COMPANY Renters Policy to provide for losses sustained from theft and vandalism of her household furniture and personal belongings. Defendant, ALLSTATE INSURANCE COMPANY, has unreasonably and in bad faith failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the insured, failed to timely evaluate the claim, and failed to timely estimate the claim and enter a fair resolution.

To date, the handling of the claims for damage has resulted in significant problems for Plaintiff. Defendant assigned the claim and despite being given authority and instructions to inspect, adjust, and evaluate the claim, Defendant has again failed to timely estimate the claim and enter a fair settlement.  This is unjust in light of Plaintiff's losses in the past and in the future.

## IV. CAUSES OF ACTION

### 1. **Breach of Contract**

Plaintiff sues for coverage under her contract of insurance with ALLSTATE INSURANCE COMPANY. By failing to pay benefits under the policy of insurance, Defendant breached the contract of insurance that existed between it and Plaintiff.  As a result, Planitff is entitled to recover actual damages, consequential damages and attorney's fees pursuant to §38.001 of the Texas Civil Practice & Remedies Code because of Allstate's breach of contract.

2. <u>**Violation of Texas Deceptive Trade Practices Act**</u>

Plaintiff asserts that the defendant engaged in false, misleading, deceptive acts and practices, as defined by the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code Am §17.41 *el. seq.,* more specifically stated as follows:

§17.46(b)(5):   representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has sponsorship, approval, status, affiliation, or connection which he does not;

§17.46(b)(7):   representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model if they are of another;

§17.46(b)(12): representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve;

§17.50(a)(2):  breach of express or implied warranties; and

§17.50(a)(3):  that the acts or omissions complained of were unconscionable.

Plaintiff would further show that the ALLSTATE INSURANCE COMPANY's acts and practices, which were the producing cause of Plaintiff's damages, were committed knowingly and intentionally.  ALLSTATE INSURANCE COMPANY's fraudulent and deceptive conduct and the resulting damage and loss to Plaintiff have necessitated Plaintiff's retention of the undersigned attorney.  Pursuant to Tex. Bus. *& Com. Code Ann. § 17.50(d)*, Plaintiff is entitled to recover attorney's fees that are reasonable and necessary for the preparation and trial of this cause as well as reasonable and necessary fees for appellate services expended in connection with this suit.

3. <u>**Breach of the Duty of Good Faith and Fair Dealing.**</u>

Prior to filing this action, Plaintiff notified ALLSTATE INSURANCE COMPANY of her claim under the Renters Policy and all conditions precedent to obtaining benefits had been

met.  Plaintiff provided ALLSTATE INSURANCE COMPANY documentation and information reasonably necessary for the evaluation of her claim.  Despite this, ALLSTATE INSURANCE COMPANY refused to pay the value of Plaintiff's claim.

Plaintiff would further show that ALLSTATE INSURANCE COMPANY breached the common law duty of good faith and fair dealing in the following respects:

a.   by denying payments on the full value of Plaintiff's claims when there was no reasonable basis for such denial; and

b.   by withholding payment of the claim when ALLSTATE INSURANCE COMPANY knew or should have known that there was no reasonable basis for doing so.

The evidence in this case establishes that ALLSTATE INSURANCE COMPANY breached their duty to act in good faith and fairly deal with Plaintiff in that ALLSTATE INSURANCE COMPANY has no reasonable basis for refusing to meet their obligations to pay under the Renters Policy.  As a consequence, ALLSTATE INSURANCE COMPANY is liable for actual damages, punitive damages and other relief as pled for in this petition.

**4.  <u>Exemplary Damages</u>**

The conduct of ALLSTATE INSURANCE COMPANY in failing to properly investigate, process, evaluate and engage in good faith settlement negotiations constitutes a conscious disregard of the rights of the Plaintiff.  ALLSTATE INSURANCE COMPANY was both grossly negligent and recklessly indifferent to Plaintiff's rights in refusing to pay the underinsured limits on her claims.  Indeed, ALLSTATE INSURANCE COMPANY's actions and behavior are such for which the law allows the imposition of exemplary damages under the common law theories of the violation of the duty of good faith and fair dealing, and as a result of the breach of ALLSTATE INSURANCE COMPANY's fiduciary duty to Plaintiff.  Accordingly, Plaintiff seeks exemplary damages from ALLSTATE INSURANCE COMPANY.

**5.** **Violations and Liability under the Texas Insurance Code**

This suit is brought against ALLSTATE INSURANCE COMPANY, in part, pursuant to the Texas Insurance Code. Written notice has been provided in accordance with the Texas Insurance Code.

The evidence will show that ALLSTATE INSURANCE COMPANY participated in unfair claims settlement practices as articulated in TEX. INS. CODE § 541.060. Further, under the holding of Vail v. Texas Farm Bureau Mutual Insurance Company, 754 S.W.2d 129 (Tex. 1988), violations of the Texas Insurance Code and/or rules or regulations issued by The State Board of Insurance create liability under the DTPA, in addition to all penalties and liabilities articulated in the Texas Insurance Code. This liability includes but is not limited to ALLSTATE INSURANCE COMPANY's failure to attempt in good faith to effectuate a prompt fair and equitable settlement of the claim made by Plaintiff. Further, ALLSTATE INSURANCE COMPANY is liable for damages under the provisions of TEX. INS. CODE § 541.

Defendant ALLSTATE INSURANCE COMPANY breached its duty of good faith and fair dealing as provided by the Insurance Code when it unreasonably refused to compensate Plaintiff for her damages incurred as a result of the theft and vadalism. Specifically, ALLSTATE INSURANCE COMPANY failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear. Further, ALLSTATE INSURANCE COMPANY failed to provide promptly to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's refusal to pay the claim. Plaintiff would further show that ALLSTATE INSURANCE COMPANY refused to pay the reasonable value of a claim without conducting a reasonable investigation with respect to the claim. Additionally, Defendant misrepresented the

policy requirements and policy provisions to Plantiff, namely that our client must first recover from United Van Lines for her loss. Also, ALLSTATE INSURANCE COMPANY had actual awareness of the unfairness of their unreasonable refusal to compensate Plaintiff.

ALLSTATE INSURANCE COMPANY's actions and omissions in connection with its unfair settlement practices were a producing cause of Plaintiff's actual damages. Pursuant to the Insurance Code, Plaintiff is entitled to actual damages, treble damages, costs of court and attorneys fees.

**6. Misrepresentation and Fraud**

Plaintiff alleges that the representations made by Defendant ALLSTATE INSURANCE COMPANY concerning coverage under her Renters Policy coverage were misrepresentations and constitute fraud in that the representations were material, were false when made or were made recklessly and that Plaintiff relied on such representations and as a result suffered injuries and damages. Especially in misrepresenting the policy requirements and policy provisions to Plaintiff, namely that Plaintiff must first recover from United Van Lines for her loss.

**V. DAMAGES**

As a direct and proximate result of ALLSTATE INSURANCE COMPANY's breach of contract, breach of the duty of goof faith and breach of fiduciary duty violations of the Texas Insurance Code and violations of the Deceptive Trade Practices Acts, Plaintiff suffered damages.

Plaintiff seeks to recover damages within the jurisdictional limits of this Court.

Plaintiff also seek damages for her injuries by way of pre-judgment and post-judgment interest payments for all damages he has suffered and that have accrued by the time of judgment.

In accordance with the Texas Rules of Civil Procedure Plaintiff individually seek monetary relief over $200,000.00 but not more than $1,000,000.00.

Plaintiff is entitled to the following:

1. **Actual Damages**

   The damages suffered by Plaintiff include actual damages in the amount of the fair market value of Plaintiff's household funiture and personal belongings. In addition, ALLSTATE INSURANCE COMPANY's fraudulent and deceptive conduct and the resulting damage and loss to Plaintiff have necessitated Plaintiff's retention of the undersigned attorney.

2. **Statutory Treble Damages**

   As a result of Defendant ALLSTATE INSURANCE COMPANY's actions and/or omissions, and/or the acts/omissions of its agents, Plaintiff is entitled to statutory damages as provided for in various statutes, including buy not limited to the Texas Insurance Code and the Texas Deceptive Trade Practices Act.

3. **Mental Anguish**

   As a result of Defendant ALLSTATE INSURANCE COMPANY's action and/or omissions, and/or the acts/omissions of its agents, Plaintiff has suffered, and is entitled to recover for, mental anguish.

4. **Pain and Suffering**

   Plaintiff has incurred physical and mental distress suffered from their injuries.

5. **Attorney's Fees**

   ## VI. REQUEST FOR DISCLOSURE

   Plaintiff request that Defendant disclose the information or material described and asked in Rule 194.2 (a) - (l) of the Texas Rules of Civil Procedure.

## VII. NOTICE

Plaintiff hereby give notice of intent to utilize items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the *Texas Rules of Civil Procedure 193.7*

## VIII. JURY DEMAND

Plaintiff demands a trial by jury and has tendered the appropriate fee.

## IX. PRAYER

WHEREFORE, Plaintiff request that Defendant be cited to appear and answer, and that, after trial, Plaintiff have judgment against Defendant for:

1.  Actual damages suffered by the Plaintiff;

2.  All damages recoverable pursuant to all statutes cited herein, including, but not limited to treble damages;

3.  Reasonable attorney's fees;

4.  Prejudgment interest as provided by law;

5.  Post-judgment interest as provided by law from the date of judgment until paid; and

6.  For such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

SCHECHTER, McELWEE, SHAFFER & HARRIS, L.L.P.

*/s/ Cynthia Huerta*
CYNTHIA HUERTA
TBA # 24029402
3200 Travis, 3rd Floor
Houston, Texas 77006
PHONE  (713) 524-3500
DIRECT FAX NO. (877) 449-4510
chuerta@smslegal.com
ATTORNEYS FOR PLAINTIFF





# CHRIS DANIEL
### HARRIS COUNTY DISTRICT CLERK

CONFIRMED FILE DATE: 9/13/2016

ENTERED _____
VERIFIED _AJ_

## Civil Process Pick-Up Form

### CAUSE NUMBER: 201666193

ATY _____     CIV ___✓___     COURT 334

<table>
<tr><td colspan="2">REQUESTING ATTORNEY/FIRM NOTIFICATION</td></tr>
<tr><td>ATTORNEY: Huertay Cynthia</td><td>PH: 7135243500</td></tr>
<tr><td colspan="2">CIVIL PROCESS SERVER: lonestar #17</td></tr>
<tr><td colspan="2">PH: 713 779 1400</td></tr>
<tr><td colspan="2">PERSON NOTIFIED SVC READY: _____<br>DATE: _____</td></tr>
</table>

Type of Service Document: CHR          Tracking Number 73287305
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____

Process papers prepared by: **Monica Ovalle**

Date: 9/13/16          30 days waiting 10/13/16

Process papers released to: Tami Black
_____ (PRINT NAME)
(CONTACT NUMBER)          (SIGNATURE)

Process papers released by: Shaniece Richardson
                           (PRINT NAME)
                           SRichardson
                           (SIGNATURE)

Date: 9-21, 2016  Time: 9:30 AM / PM

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Unofficial copy Office of Chris Daniel District Clerk

10/3/2016 3:25:51 PM
Chris Daniel - District Clerk Harris County
Envelope No. 13031278
By: Sarah Anderson
Filed: 10/3/2016 3:25:51 PM

NO.  2016-61193

| | | |
|---|---|---|
| ELIZABETH HAZEN, INDIVIDUALLY AND AS REPRESENTATIVE OF KEN HAZEN | § § § | IN THE DISTRICT COURT OF |
| | | HARRIS COUNTY, TEXAS |
| VS. | § | |
| ALLSTATE INSURANCE COMPANY | § | 334TH JUDICIAL DISTRICT |

<u>DEFENDANT'S ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Allstate Insurance Company, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against it, would respectfully show unto this Honorable Court and Jury as follows:

**I.**

**GENERAL DENIAL**

At this time Defendant asserts a general denial to Plaintiff's Original Petition and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiff to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

**II.**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit.

1

## III.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because conditions precedent to Plaintiff's recovery have not occurred. For example, and without limitation, Plaintiff failed to provide proper written notice prior to suit as required by Section 541 of the Texas Insurance Code and by ' 17.50(a) of the Texas Business and Commerce Code (Texas DTPA).

## IV.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because some or all of Plaintiff's claims are excluded by the applicable insurance policy.

## V.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the injuries, damages, and losses alleged in Plaintiff's pleadings, none being admitted, were proximately caused in whole or in part by the fault or negligence of Plaintiff or others.   Accordingly, Plaintiff's claims are barred or must be reduced under the doctrine of contributory or comparative fault.

## VI.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred because such an award would violate Defendant's due process, equal protection, and other rights under the United States Constitution and the Constitution of the State of Texas.

## VII.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

## VIII.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant asserts the limitations and restrictions on exemplary damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

## IX.

### EIGTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to cooperate in the handling of her claim, as required by the policy.

## X.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because such an award would violate Defendant's due process, equal protection, and other rights under the United States Constitution and the Constitution of the State of Texas.

## XI.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

3

## XII.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including without limitation the requirement of ' 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third party that may be joined in this suit.

## XIII.

### TWELTH AFFIRMATIVE DEFENSE

This Defendant did not issue a policy of insurance which would cover Plaintiff's alleged damages.

## XIV.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

## XV.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

4

COMES NOW, Allstate Insurance Company, Defendant and formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the amount of $40.00 as jury fee.

WHEREFORE, PREMISES CONSIDERED, Defendant, Allstate Insurance Company, prays that the Plaintiff recovers nothing of and from the Defendant by reason of this suit, that Defendant be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled, and for which Defendant will in duty bound, forever pray.

Respectfully submitted,

HOPE & CAUSEY, P. C.

/s/ John M. Causey
_____
John M. Causey
State Bar No. 04019100
P. O. Box 3188
Conroe, Texas 77305-3188
(936) 441-4673 - Metro
(936) 441-4674 - Facsimile
hcdocket@hope-causey.com

**ATTORNEYS FOR DEFENDANT**

5

## CERTIFICATE OF SERVICE

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendant's Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendant's Original Answer has been delivered to all interested parties on October 3, 2016, correctly addressed to:

Cynthia Huerta
Schechter McElwee, Shaffer & Harris, L.L.P.
3200 Travis, 3rd Floor
Houston, TX 77006

/s/ John M. Causey
_____
John M. Causey

6

10/4/2016 9:44:31 AM
Chris Daniel - District Clerk Harris County
Envelope No. 13042545
By: DANIELLE JIMENEZ
Filed: 10/4/2016 9:44:31 AM

CAUSE NO. 201661193

RECEIPT NO. _____ 0.00 __ CIV
* * * * * * * * * * TR # 73287305

PLAINTIFF: HAZEN, ELIZABETH (INDIVIDUALLY AND AS REPRESENTATI
vs.
DEFENDANT: ALLSTATE INSURANCE COMPANY

In The  334th
Judicial District Court
of Harris County, Texas
334TH DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT MATTHEW C
MERKLE
9289 HUNTINGTON SQ SUITE 200   NORTH RICHLAND HILLS TX 76182 - 4314
Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on the 12th day of September, 2016, in the above cited cause number
and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
This citation was issued on 13th day of September, 2016, under my hand and
seal of said Court.

Issued at request of:
HUERTA, CYNTHIA
3200 TRAVIS ST 3RD FL
HOUSTON, TX 77006
Tel: (713) 524-3500
Bar No.: 24029402

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: OVALLE, MONICA K7U//10482451

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M. on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $ 115

_____ of _____ County, Texas

_____        By _____
Affiant                                         Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
Notary Public

N.INT.CITR.P                          *73287305*

CAUSE NO. 2016-61193

| | | |
|---|---|---|
| ELIZABETH HAZEN, INDIVIDUALLY AND AS REPRESENTATIVE OF KENNETH HAZEN | § § | IN THE COURT OF |
| Plaintiff, | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| ALLSTATE INSURANCE COMPANY | § | |
| Defendant. | § | 334TH JUDICIAL DISTRICT |

## AFFIDAVIT OF SERVICE

On this day personally appeared _Mitchell Draeger_ who, being by me duly sworn, deposed and said:

"The following came to hand on **Sep 23, 2016, 4:35 pm,**

CITATION, PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE,

and was executed at _9289 Huntington Sq. Suite 200, North Richland Hills TX 76182_ within the county of _Tarrant_ at _12:25 PM_ on _September 26, 2016_, by delivering a true copy to the within named

ALLSTATE INSURANCE COMPANY BY DELIVERING TO ITS REGISTERED AGENT MATTHEW C MERKLE

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

Print Name: _Mitchell Draeger_

SCH#: _7995_          Exp: _12-31-2016_

BEFORE ME, a Notary Public, on this day personally appeared _Mitchell Draeger_, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON _9-27-2016_

Notary Public, State of Texas

Kathy Draeger
Notary Public,
State of Texas
Expires:03-20-2018

Case No.  201661193

**DCORX**

IN THE DISTRICT COURT OF

HAZEN, ELIZABETH (INDIVIDUALLY

vs.

HARRIS COUNTY, TEXAS

ALLSTATE INSURANCE COMPANY

334th    JUDICIAL DISTRICT

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **05/24/17**   **JOINDER**.  All parties must be added and served, whether by amendment or third party practice, by this date. THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.   **EXPERT WITNESS DESIGNATION**.  Expert witness designations are required and must be served by the following dates.   The designation must include the information listed in Rule 194.2(f).   Failure to timely respond will be governed by Rule 193.6.
   (a) **06/23/17**   Experts for parties seeking affirmative relief.
   (b) **07/24/17**   All other experts.

3.   **STATUS CONFERENCE**.  Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.   TIME:
   Failure to appear will be grounds for dismissal for want of prosecution.

4.   **DISCOVERY LIMITATIONS**.  The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
   (a)   Total hours per side for oral depositions.
   (b)   Number of interrogatories that may be served by each party on any other party.

5.   **ALTERNATIVE DISPUTE RESOLUTION.**
   (a)   By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR. If no agreement or objection is filed, the court may sign an ADR order.
   (b) **11/06/17**   ADR conducted pursuant to the agreement of the parties must be completed by this date.

6.   **DISCOVERY PERIOD ENDS**.   All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement. Incomplete discovery will not delay the trial.

7.   **DISPOSITIVE MOTIONS AND PLEAS**.  Must be heard by oral hearing or submission.
   (a)   If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
   (b) **09/22/17**   Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
   (c)   Rule 166a(i) motions may not be heard before this date.

8. **09/22/17**   **CHALLENGES TO EXPERT TESTIMONY**.  All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **10/20/17**   **PLEADINGS**.   All amendments and supplements must be filed by this date.   This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.   Parties shall be prepared to discuss all aspects of trial with the court on this date.
   TIME:           Failure to appear will be grounds for dismissal for want of prosecution.

11. **11/20/17**   **TRIAL**. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

JOHN MICHAEL CAUSEY
PO BOX 3188
CONROE TX 77305-3188

8

4019100

GRANT DORFMAN
Judge, 334TH DISTRICT COURT
Date Generated 10/05/2016

JCVO02D
rev.10272014

THE TRIAL DATE LISTED IN ITEM 11 ON THE FRONT OF THIS ORDER IS THE DATE YOUR TWO-WEEK DOCKET BEGINS. YOU WILL BE CONTACTED BY PHONE BY COURT PERSONNEL WITH AN EXACT DATE AND TIME TO APPEAR ONCE THE CASE IS ASSIGNED TO TRIAL.

FOR ADDITIONAL INFORMATION, COURT PROCEDURES AND A COPY OF THE STANDING ORDER IN LIMINE GOVERNING ALL JURY CASES, PLEASE REFER TO OUR WEBSITE AT WWW.JUSTEX.NET

Case No.  201661193

**DCORX**

IN THE DISTRICT COURT OF

HAZEN, ELIZABETH (INDIVIDUALLY

vs.

ALLSTATE INSURANCE COMPANY

\*    HARRIS COUNTY, TEXAS

\*    334th   JUDICIAL DISTRICT

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **05/24/17**  **JOINDER.**  All parties must be added and served, whether by amendment or third party practice, by this date.  THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.    **EXPERT WITNESS DESIGNATION.**  Expert witness designations are required and must be served by the following dates.    The designation must include the information listed in Rule 194.2(f).    Failure to timely respond will be governed by Rule 193.6.
(a) **06/23/17**  Experts for parties seeking affirmative relief.
(b) **07/24/17**  All other experts.

3.    **STATUS CONFERENCE.**  Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.    TIME:
Failure to appear will be grounds for dismissal for want of prosecution.

4.    **DISCOVERY LIMITATIONS.**  The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
(a)  Total hours per side for oral depositions.
(b)  Number of interrogatories that may be served by each party on any other party.

5.    **ALTERNATIVE DISPUTE RESOLUTION.**
(a)  By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR.  If no agreement or objection is filed, the court may sign an ADR order.
(b) **11/06/17**  ADR conducted pursuant to the agreement of the parties must be completed by this date.

6.    **DISCOVERY PERIOD ENDS.**    All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement.  Incomplete discovery will not delay the trial.

7.    **DISPOSITIVE MOTIONS AND PLEAS.**  Must be heard by oral hearing or submission.
(a)  If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
(b) **09/22/17**  Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
(c)  Rule 166a(i) motions may not be heard before this date.

8. **09/22/17**  **CHALLENGES TO EXPERT TESTIMONY**.  All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **10/20/17**  **PLEADINGS.**    All amendments and supplements must be filed by this date.    This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.
Parties shall be prepared to discuss all aspects of trial with the court on this date.
TIME:          Failure to appear will be grounds for dismissal for want of prosecution.

11. **11/20/17**  **TRIAL**. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

CYNTHIA HUERTA
3200 TRAVIS ST FL 3
HOUSTON TX 77006-3652

3

24029402

GRANT DORFMAN
Judge, 334TH DISTRICT COURT
Date Generated 10/05/2016

JCVO02D
rev.10272014

THE TRIAL DATE LISTED IN ITEM 11 ON THE FRONT OF THIS ORDER IS THE DATE YOUR TWO-WEEK DOCKET BEGINS. YOU WILL BE CONTACTED BY PHONE BY COURT PERSONNEL WITH AN EXACT DATE AND TIME TO APPEAR ONCE THE CASE IS ASSIGNED TO TRIAL.

FOR ADDITIONAL INFORMATION, COURT PROCEDURES AND A COPY OF THE STANDING ORDER IN LIMINE GOVERNING ALL JURY CASES, PLEASE REFER TO OUR WEBSITE AT WWW.JUSTEX.NET