United States District Court
Southern District of Texas
**ENTERED**
August 16, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIZABETH HAZEN, INDIVIDUALLY AND AS REPRESENTATIVE OF KEN HAZEN, | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-3068 |
| ALLSTATE INSURANCE COMPANY, | § § § | |
| Defendant. | § | |

## ORDER AND MEMORANDUM

Pending before the Court are Defendant Allstate Insurance Company's Motion to Sever and Abate Plaintiff's Extra-Contractual Claims and Motion for Leave to File Amended Answer. (Doc. No. 9, Doc. No. 10.) Plaintiff Elizabeth Hazen has responded in opposition to the motion for severance and abatement (Doc. No. 11.), but not to the motion for leave to amend. After consideration of the filings and applicable law, Allstate's motion to sever and abate is **DENIED**. Finding Allstate's motion for leave to amend unopposed and acceptable, it is **GRANTED**.

### I. BACKGROUND

Hazen alleges that she experienced an incident of theft and vandalism at her home in 2014, for which Hazen and her spouse filed an insurance claim with Allstate. (Doc. No. 1-1 at 6.) She further alleges that Allstate, in the course of issuing her insurance policy and processing her claim, breached the insurance contract; violated the Texas Deceptive Trade Practices Act; breached the duty of good faith and fair dealing; violated the Texas Insurance Code; breached its fiduciary duty;[1] and made fraudulent misrepresentations. (*Id.* at 7–11.)

---

[1] Hazen's complaint pled a cause of action titled "exemplary damages" but attributed the availability of such damages to the breach of the duty of good faith and fair dealing (a separately

In July 2016, Hazen sent a letter to Allstate demanding compensation up to the full limit of her policy and asserting claims based on the Texas Insurance Code and breach of the duty of good faith and fair dealing. (Doc. No. 11-1 at 1–4.) Allstate responded with an offer to settle "any and all of her claims." (Doc. No. 9-1 at 3.) Rejecting that offer, Hazen sued in the district court of Harris County, Texas, in September 2016, and Allstate removed based on diversity of citizenship. (Doc. No. 1.) The pending motions came soon thereafter.

II. APPLICABLE LAW

A party generally may join "as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). It may do so "even though one of them is contingent on the disposition of the other." Fed. R. Civ. P. 18(b). Rule 18 is a permissive rule, "provid[ing] the parties with great freedom in the joinder of claims." 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, ET AL., FEDERAL PRACTICE & PROCEDURE § 1689 (3d ed. 2017). In turn, a court may sever any claim against a party. Fed. R. Civ. P. 21. Under Rule 21, a district court has "wide discretion" to sever an action. *In re Rolls Corp.*, 775 F.3d 671, 680 (5th Cir. 2014). A claim may be suitable for severance "if it is misjoined or might otherwise cause delay or prejudice." *Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 (5th Cir. 1995). The party seeking severance bears the burden of demonstrating its necessity. *Aspen Tech., Inc. v. Kunt*, No. 4:10-cv-1127, 2011 WL 86556, at *3 (S.D. Tex. Jan. 10, 2011).

Allstate argues that the applicable law also includes the Texas Supreme Court's decision in *Liberty National Fire Insurance Company v. Akin*, 927 S.W.2d 627 (Tex. 1996). In *Akin*, the Texas Supreme Court considered Texas trial courts' discretion to sever, governed by Rule 41 of the Texas Rules of Civil Procedure. *Id.* at 629. Though it affirmed the denial of severance in the

---

pled claim) and the breach of Allstate's fiduciary duty. (Doc. No. 1-1 at 9.) Accordingly, the Court construes it as a claim of breach of fiduciary duty.

case before it, the court noted that "severance may nevertheless be necessary" in some cases alleging that insurers both breached a contract and acted in bad faith, particularly when a settlement offer had been made. *Id.* at 630. An extensive case law flowed from this discussion. *See In re American Nat. County Mut. Ins. Co.*, 384 S.W.3d 429, 434 (Tex. App.—Austin 2012) (collecting cases).

Allstate's reliance on *Akin* raises the question of whether Texas law controls the Court's discretion in this matter. In the analogous context of a motion for separate trials, this Court previously stated that "[t]he issue of whether separate trials are warranted in [a] diversity action is governed by federal law." *Houston McLane Co., Inc. v. Connecticut General Life Ins. Co.*, No. Civ.A. H-06-1508, 2006 WL 3050812, at *1 (S.D. Tex. 2006) (citing WRIGHT & MILLER § 2387 (2d ed. 2006)). *Cf. Lumbermens Mut. Cas. Co. v. Bell*, 289 F.2d 124, 125–26 (5th Cir. 1961) (holding that the separate trial issue in a diversity case was a procedural matter governed by federal law, not state law). The Court finds that the issue of severance is likewise a procedural matter governed by federal law, not state law. As such, it takes the *Akin* line of cases under advisement as an aid to the Court's exercise of discretion, if not as a binding constraint on it.

The principles of *Akin* are implicated when an insured alleges both breach of the insurance contract and bad faith by the insurer and that insurer has made a settlement offer. *See* 927 S.W.2d at 629–30. In the typical scenario, the bad faith claim arises from the settlement of the original insurance matter. The insured finds the settlement offer unsatisfactory, so she alleges that the offer was made in bad faith. The insured thereby gains an additional claim for relief. *E.g., Mid-Century Ins. Co. of Tex. v. Lerner*, 901 S.W.2d 749, 751 (Tex. App.—Houston [14th Dist.] 1995) ("At the time of the accident, Norris owned an underinsured motorist insurance policy with Mid–Century. The policy had a coverage limit of $50,000. Dissatisfied with the

settlement offer, Norris filed suit against Mid-Century alleging breach of contract and bad faith claims.").[2] Once litigation commences, the existence of the settlement offer creates a dilemma. "On one hand, the exclusion of the settlement offer in trial would unfairly deny the insured the use of the evidence to prove essential elements of the bad faith claim. At the same time, admission of the settlement offer would deny the insurer the right to exclude evidence unfairly implicating that it has admitted liability on the contract claims." *In re Amer. Nat. County Mut. Ins. Co.*, 384 S.W.3d at 434.

But other scenarios arise. Defendants sometimes seek severance even though they made no settlement offer. In these cases, courts deny severance because no prejudice to the defendant is apparent. *E.g.*, *Cedillo v. General Ins. Co. of Amer.*, No. 2:14-cv-942-JRG, 2015 WL 12827783, at *1 (E.D. Tex. Jan. 26, 2015); *Chartis Specialty Ins. Co. v. Tesoro Corp.*, 930 F.Supp.2d 653, 673 (W.D. Tex. 2013); *Allstate Ins. Co. v. Hunter*, 865 S.W.2d 189, 194 (Tex. App.—Corpus Christi 1993); *Progressive County Mut. Ins. Co. v. Parks*, 856 S.W.2d 776, 779 (Tex. App.—El Paso 1993).

Defendants sometimes seek severance when they made a settlement offer only on an undisputed portion of the claim. Severance is not warranted in this instance either, because there is no prejudice to the resolution of the disputed portion. *E.g.*, *Service Steel Warehouse Co., L.P. v. Ace Amer. Ins. Co.*, No. H-09-691, 2011 WL 43425, at *2–3 (S.D. Tex. Jan. 6, 2011); *Divine Restoration Apostolic Church v. Nationwide Mut. Ins. Co.*, No 4:09-cv-0926, 2010 WL 1064727, at *4–5 (S.D. Tex. Mar. 19, 2010) (dealing also with a motion for separate trials).

---

[2] *Akin* was decided after *Mid-Century Ins. Co. v. Lerner* but cited it approvingly as an example of appropriate severance. *See* 927 S.W.2d at 630.

Finally, defendants sometimes seek severance when they have made settlement offers on all legal claims, both contractual and extra-contractual. In these cases, Texas courts have granted severance. *E.g.*, *In re Allstate Property and Cas. Ins. Co.*, No. 2-07-141-cv, 2007 WL 1574964, at *1–2 (Tex. App.—Fort Worth 2007); *Northwestern Nat'l Lloyds Ins. Co. v. Caldwell*, 862 S.W.2d 44, 45–46 (Tex. App.—Houston [14th Dist.] 1993); *U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 671–73 (Tex. App.—Houston [1st Dist.] 1993).[3]

The Court views the necessity of severance in this final scenario differently from the cases cited because the operation of the evidentiary rules does not necessarily cause the same prejudice. In the typical *Akin* scenario, severance is warranted because Rule 408 of the Federal Rules of Evidence or its Texas equivalent keeps out the settlement offer as to the insured's contractual claim, but the insured depends on the evidence of that offer to prove her bad faith claim. Consequently, severance enables the insurer to defend the contractual claims and the insured to prove the extra-contractual claims properly in separate actions. But where one settlement offer comes for both contractual and extra-contractual claims, excluding the offer altogether may not prejudice the parties in the same way. Analysis of the case's particular facts and risks of prejudice is needed.

### III. ANALYSIS

In the present case, Allstate seeks severance and abatement of Hazen's extra-contractual claims. In part, Allstate's arguments are based on the offer that Allstate made to settle "any and all" of Hazen's claims. Allstate points to *Akin*, interpreting it to hold that "severance is required when an insurer makes an offer of settlement." (Doc. No. 9 at 3.) Allstate argues that, when a settlement offer has been made, an "irreconcilable conflict between [a] defendant's competing

---

[3] The latter two cases were also approvingly cited in *Akin*. *See* 927 S.W.2d at 630.

interests at trial" would arise from the denial of severance. (*Id.*) The offer "may be essential to a defendant's defense of plaintiff's extra-contractual claims in a given case." (*Id.*)

As explained above, *Akin*'s rule is neither binding on this Court, nor is its underlying rationale necessarily implicated in all cases. In this instance, Hazen has helped to resolve the issue by acknowledging that Rule 408 of the Federal Rules of Evidence would prevent her from admitting Allstate's settlement offer at trial. (Doc. No. 11 at 4.) For its part, Allstate suggests that it may experience prejudice if evidence of the settlement offer is excluded, but its suggestion that its defense of the extra-contractual claims may depend on that evidence is speculative and general. While the Court is mindful that only the allegations in Hazen's complaint are before it and much information may yet be developed, the burden of demonstrating prejudice at this stage rests with Allstate. Thus, with the operation of Rule 408 unlikely to prejudice Hazen, and with only speculation that exclusion may prejudice Allstate, the Court declines to find severance warranted on this basis.

Allstate also argues that Hazen's contractual and extra-contractual claims are "separate and distinct," involving different standards of proof, evidence, and damages. (Doc. No. 9 at 2.) Relatedly, Allstate makes the general argument that severance and abatement will "promote judicial economy and conserve judicial resources that need not be expended unless and until Plaintiffs prevail on their contractual claim." (*Id.* at 4.) Hazen disagrees that the claims are so distinct, arguing that they "arise out of the same transaction/occurrence" and "revolve around one renter's insurance policy and one loss event." (Doc. No. 11 at 3.) Hazen also views the judicial economy question differently, noting "considerable overlap in the witnesses and documentary evidence needed to litigate Plaintiff's contractual and extracontractual claims." (*Id.*)

6

The balance of advantage favors Hazen. As noted, Rule 18 permits great freedom in the joinder of claims. When parties exercise that freedom and complex cases result, the need for different evidence and the application of different standards are obstacles routinely surmounted by parties and courts. To the extent the evidence for her various claims is interwoven, as Hazen argues, the concern for judicial economy weighs against severance and abatement. Economy may be achieved if Allstate prevails on the contractual claims but it is undermined if Allstate loses. Extra-contractual claims that could have been dealt with expeditiously would instead be delayed. There are downsides to either course, and thus "the potential disadvantages cancel each other out." *Divine Restoration*, 2010 WL 1064727, at *3. Here too, Allstate has not clearly shown prejudice that warrants severance.

## IV. CONCLUSION

Allstate has not carried its burden of demonstrating that severance and abatement of Hazen's extra-contractual claims will promote judicial economy or are needed to prevent potential prejudice. Its motion is therefore denied. If, however, Allstate later discovers a concrete risk of prejudice, it may petition the Court to reconsider its ruling. Thus, the motion for severance and abatement is **DENIED WITHOUT PREJUDICE**.

Allstate's motion for leave to amend is **GRANTED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 16th day of August.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE